May I proceed, Your Honors? Yes, please. Thank you. May it please the Court, Counsel, I'm Florence Brummer, CJA Counsel representing Mr. Martinez-Martinez. Our issue is very, very narrow. It is whether the denial of the motion to dismiss the indictment was an error. The review is de novo. In August 1992, Mr. Martinez-Martinez was a lawful permanent resident. In October 1997, he was convicted in NYC of grand larceny in the fourth degree. The government initiated removal proceedings at that time, and in August 31st, 1998, there was a notation that said that the right to appeal was reserved by Defendant's Counsel. The appeal deadline was September 30th, 1998. The notice of appeal went to the Board of Immigration Appeals shortly thereafter. And then there was a withdrawal of that by Defendant's immigration attorney shortly thereafter, and then Defendant Didn't Defendant, didn't the Defendant concur in that withdrawal? That's the issue, Your Honor. Of course. Yes, absolutely. Because the entire issue that was briefed before the district court was there was that handwritten note from Mr. Martinez-Martinez, or he says, And then this is where it gets funny. And I think it's a little bit different than some of the other cases that have been before the court. Counselor, may I ask you, is there any evidence in the record that that handwritten note was not genuine? There was not. So why shouldn't that be dispositive if the defendant handwrote a note saying he wanted to voluntarily dismiss the case, and then his lawyer followed up with a formal dismissal of the case? Then why are we contemplating that it was involuntary? Sure. Because what we have is an absence of what happened in between. Was Mr. Martinez-Martinez ever informed of what this meant? Because what happened was, we have the handwritten note, and of course, this is a direct appeal, so I'm very limited, it's not a habeas, I'm not getting affidavits, all of that. But he has the handwritten note. It somehow goes to the immigration officer, who then writes something and says, Hey, he informed me he wants to withdraw this. But he attached the handwritten letter. He did attach it, yes, yes. And then it goes to Mr. Martinez-Martinez's immigration counsel, who then submits it and says, Hey, this is what I received, so I'm withdrawing this appeal. When, and it appears to me that it would have been very easy for either the appellate counsel or the immigration counsel to maybe actually go talk to Mr. Martinez-Martinez. Because I think that is very evident from the record that that didn't happen. Because they state, yeah, I heard this, I got this note, I'm withdrawing this appeal. Why not go talk to him? Why not get the right, yes, the questions. It's not clear to me that any of this is really ultimately relevant. And here's the problem I'm having. So we've said in, via Vincencio, that a failure after the immigration hearing to file the notice of appeal doesn't count. That's just a forfeiture. And so we don't do a waiver inquiry on that. You agree with that? I do agree, that's what the case is. I don't understand why the withdrawal of an appeal isn't on all fours with simply having failed to do, to take the appeal. And it all occurs after and without, you know, any sort of in-court advisals where you might be worried about what the court is saying and is that a waiver? Is the court securing a waiver? This is he and his counsel off doing whatever they want to do and whether they're going to file, whether they're going to withdraw the notice of appeal. And I don't understand why a failure to file would be treated differently from a withdrawal. Can you explain why?  I can try. So I think this is distinguishable from Villa-Vincencio, because in that one, I know the court rejected the contention that declining to file the appeal was tantamount to the waiver. This is a little bit different. There was actually a notice of appeal that was filed. And what we have after that, and I think this is, Your Honor, I do disagree respectfully that the difference is this is not a situation where we are able to determine that counsel actually talked with his client and they had that discussion. In fact, it's not relevant. Why is that relevant? You could say the same thing about the failure to file the notice of appeal. How do we know? They didn't have a conversation. Under Villa-Vincencio, it's not relevant. We don't look at that. It's just a forfeiture, and therefore, it's not an excuse for failure to exhaust. I think how we know is actually by the record in this case that the appellate counsel basically says, hey, I heard about this, that he wants to withdraw it, so I'm withdrawing it, which seems to indicate that he never went and spoke to him, which appears to be very different in those. I understand your factual point, but I still don't see why legally we should attach a difference between a failure to file the notice of appeal and a withdrawal of a filed notice of appeal. I do not understand legally why those should be treated differently. Well, I think, Your Honor, in under 1326, that basically what happened is that in what we're asking, and it's different, I admit. Like, these facts are different than a lot of the other cases, but that the withdrawal of it should excuse Mr. Martinez-Martinez's inability to have finished the administrative process. And then by not being able to finish the administrative process, he's not able to finish the judicial process. And so what we're asking for is that the court allow the case to be remanded with the court making a finding that he was not able to finish the administrative process, so therefore has accomplished one and two under the statute, and then the accomplished two, that he was deprived of the opportunity to appeal. How can that be on this record? He was not ever deprived of the opportunity to appeal. Well, he was from our perspective, is that he was deprived of it because there He withdrew his appeal, and that deprived him of the opportunity to appeal? Well, this is where the blankness of the record comes in, which is we have the handwritten note, but then we know his counsel doesn't speak to him because the counsel says, hey, I heard this, and now I'm withdrawing this. It's his burden to show that he meets these two requirements, exhaustion and deprivation of an opportunity to appeal. So if there's nothing in the record, doesn't he lose on that one? I don't think so, Your Honor, which is probably the easy answer for it. I have a minute left. May I reserve my time? Yes. Okay. Thank you very much. Good morning, Your Honors. May it please the Court. Caitlin Noel on behalf of the United States. I agree with my colleague that this case presents a very narrow issue, and that issue is whether Mr. Martinez met his burden to show that he exhausted his administrative remedies. As Judge Collins pointed out, the Villavicencio-Burwell case is really instructive in this situation. There is simply no reason that the — with — to the extent that an attorney's failure to file an appeal after preserving the right to appeal in immigration court is not tantamount to a waiver, which is what the Court said in the Villavicencio case, that same — that same rule applies here. There's just no difference between the failure to file the appeal after preserving the right and the withdrawal of the appeal. Counsel, I'm not sure, in listening to opposing counsel, that I really ever heard her say, this is the standard of review, and under this standard of review, this is why my client prevails. Would you address what you maintain is the standard of review and just quickly summarize why he does not prevail? Your Honor, so in terms of this Court's standard of review, the Court is reviewing DeNovo, the denial of the motion to dismiss. It reviews for clear error the district court's factual findings. All right. So when she was describing this should have occurred or this should have occurred, would that be clear error or DeNovo? And I'm — and I apologize, I'm not sure I'm clearing your question. To the extent she was saying something should have occurred in the immigration proceedings or?  If the lawyer should have talked to the client or — Sure. So in terms of the standard that the district court is applying, when it's looking at what happened in immigration court, it is, as Judge Rawlinson pointed out, the defendant's burden to show that he met the requirements under 1326D. So it is the defendant's burden to show that he exhausted all available administrative remedies. That's on him. And in this particular case, the district court found that he had failed to show that. And this is — Is that a finding of fact? I think that that is a finding of fact. I think that should be reviewed for clear error, that particular finding. But I think regardless of whether it's reviewed for clear error or DeNovo, that is a correct finding because there is no evidence here. Much like in via Vicencio Burwell, there is simply no evidence that when Defendant's Immigration Counsel filed the formal withdrawal of the appeal, which happened months after this original — this — this handwritten note. So to the extent that there's an argument that there is evidence that Mr. Martinez was not consulted with his attorney, we have a multi-month period in between when the handwritten — when Mr. Martinez himself submitted the handwritten note withdrawing his appeal, after which there was communication from — I believe it was still INS at that time, but between INS and the attorney saying, hey, he turned in this note saying he wanted to withdraw. It's been multiple months later that the attorney actually files the motion to withdraw. But we just have no — So when counsel — yeah. And I would — once again, I feel like I'm going back a lot to via Vicencio Burwell, but in that case, this Court said there's no evidence that the attorney, by failing to file an appeal, by failing to follow up on that right to exhaust administrative remedies, by failing to appeal to the — to the BIA, there was no evidence there that the attorney was able to do that. The defense counsel can speculate, but there's simply no evidence that the handwritten note was forged or coerced, or that when counsel did file that — the formal withdrawal to the — in the BIA, that counsel was acting outside the scope of his  authority. There just isn't any evidence like that, just like in via Vicencio Burwell, and just like in that case, this Court should conclude that the defendant here failed to meet his burden to show that he exhausted his administrative remedies. Unless the Court has questions for me, I would ask the Court to please affirm. Thank you, counsel. Rebuttal? Thank you. Unless the Court had additional questions, I'd like to rest. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the Court.
judges: RAWLINSON, COLLINS, Fitzwater